**In re NATIONAL STUDENT MARKETING LITIGATION.**

**MDL No. 105.**

United States District Court, District of Columbia.

Jan. 14, 1987.

See also, D.C., 598 F.Supp. 575.

Robert B. Block, Julius Levy, Pomerantz, Levy, Haudek, Block & Grossman, New York City, for class plaintiffs and pro se.

Charles C. Luetke, Deutsch & Spring, New York City, for Charlotte Klinger.

## MEMORANDUM OPINION

(Enjoining State Court Proceeding—Title 28 U.S.C. § 2283)

BARRINGTON D. PARKER, Senior District Judge:

Relying upon the relitigation exception of the United States Judicial Code, 28 U.S.C. § 2283, the Pomerantz Levy Haudek Block & Grossman ("Pomerantz Levy") law firm has moved for an order enjoining a proceeding commenced in the New York State Supreme Court by the representative of the Estate of Eric J. Klinger. In the New York proceeding, the representative of the estate seeks to enforce an alleged agreement between Pomerantz Levy and Mr. Klinger. The alleged agreement provided that Mr. Klinger would be paid 20 percent of the total award of attorney fees recovered by the firm in securities class action proceedings in which Klinger rendered accounting services. If such relief was granted by the New York court, it would, in effect, nullify and set aside the determination and award of attorney and accounting fees finally adjudicated by this Court in the National Student Marketing litigation.

That litigation was a consolidation of several security fraud class action and individual complaints brought by shareholders charging certain corporate officers, their attorneys and an accounting firm with violations of federal securities laws. The consolidated proceedings, known as the National Student Marketing Litigation, were assigned to this Court in 1972 by the Judicial Panel on Multidistrict Litigation. The matter was partially concluded by a judgment entered in February 1983 approving

the last of several negotiated settlements between the various parties. However, the Court retained jurisdiction so as to determine and authorize disbursement of the settlement proceeds to the eligible claimants and to award fees to the plaintiffs' attorneys and their accountant.

### A.

Pomerantz Levy, a New York law firm, served as general counsel for the plaintiffs in the class action complaint.[1] Eric J. Klinger, now deceased, assisted and provided accounting services for the firm in prosecuting the claims of the class plaintiffs. On February 13, 1984, an order was entered awarding compensation to Pomerantz Levy and several co-attorneys who were involved from the commencement of the litigation. On June 15, 1984 the Klinger estate was awarded the sum of $636,496 as "fair and adequate compensation" for the accounting services rendered by Mr. Klinger. Fourteen months later, in August 1985 Mrs. Charlotte Klinger, as executrix of her deceased husband's estate commenced a suit in the New York State Supreme Court seeking additional compensation and fees from Pomerantz Levy. That law suit triggered an application to this Court by Pomerantz Levy for an order enjoining the prosecution of the executrix' claim before the New York court.

The executrix's claim for additional compensation is based on an alleged 1960 oral agreement between her deceased husband and Abraham Pomerantz, also deceased. Mr. Pomerantz was a founding partner of the law firm which bears his name. Mrs. Klinger claims that the oral agreement between her husband and Mr. Pomerantz provided for a pooling arrangement. Under the agreement, Mr. Klinger was promised 20 percent of the total fees recovered by Pomerantz Levy in securities holders and class action proceedings prosecuted by the law firm and in which Klinger performed accounting services. The executrix claims

that the Student Marketing litigation was covered by the oral agreement which she also claims was entered into for the indefinite future. Pomerantz Levy was awarded a total fee of $5,657,006.37 as compensation for services rendered in the Student Marketing proceeding by their firm and three other plaintiffs' attorneys.

In his original application before this Court, Mr. Klinger requested a fee award of $852,450. He was awarded a lesser amount of $636,496. Mrs. Klinger seeks to enforce the alleged oral contract and augment her husband's fee award by $622,204 to total 20 percent of the final fee awarded the law firm.

Mr. Klinger had been a practicing lawyer in Vienna, Austria; however, he was not admitted to the practice of law in this country. At the time he rendered services in this litigation, he had been a certified public accountant in the State of New York for a number of years.

He testified on two occasions before this Court as to the services rendered and as to his fee application. Prior to those appearances, he submitted a detailed 49-page affidavit together with time sheets setting forth the full extent of services rendered. He placed a value of and claimed a total of $568,300 (5,683 hours x $100 per hour) for his services. To the base hourly rate, he sought a multiplier of 1.5, resulting in a total fee award of $852,450. He testified and alleged in his affidavit that $100 per hour was his usual charge for accounting services.[2] After considering his testimony and affidavit, various supporting documentation, relevant portions of the record, this Court determined that the sum of $636,496 was justified, fair and reasonable. An order was entered confirming an award in that amount.

In his affidavit and later in his testimony, Mr. Klinger made no reference to any oral agreement or understanding to share in the Pomerantz Levy fee award as

---

1. When the several complaints were consolidated, the Pomerantz Levy firm served as court-appointed counsel for all plaintiffs.

2. Mr. Klinger's Affidavit in Support of Application for Award of Fees for Plaintiffs' Accountant, December 29, 1982, at 46–47; Transcript of January 28, 1983 at 47–49 (Testimony of Mr. Klinger).

claimed by his widow. Indeed, there was no reference to any prior pooling arrangement, but rather, he alleged in his fee application affidavit that he was engaged by Pomerantz Levy on a contingent basis, and that compensation was to be determined on basis of his pending application to this Court. On a second court appearance, he testified after Mr. Julius Levy of the Pomerantz Levy firm made representations and disclosures of the several fee-sharing arrangements his firm had with counsel who represented other plaintiffs. Again, at that time Mr. Klinger made no representation or claim of the fee agreement now advanced by the executrix nor did he disclose that information in any supplemental pleading.[3] In his appearance and representations before this Court, the sole basis for his compensation claim was at the rate of $100 per hour.

### B.

■ The authority and the equitable power to enjoin a proceeding in a state court is restricted and limited by Title 28 of the United States Code. Section 2283 of that Title prohibits a federal court from enjoining proceedings in a state court, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction *or to protect or effectuate its judgments*" (emphasis added). Pomerantz Levy invokes the third exemption. It is also recognized as a general rule that "[A]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coastline R.R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970). However, federal injunctive relief may be appropriate to prevent a state court from interfering with a federal court's disposition of the case which seriously impairs that court's authority to decide the case. *Id.* at 295, 90 S.Ct. at 1747. When a final judgment has been rendered in a federal court on the same matter as-

serted in the state court suit, the federal court is empowered to protect that judgment by granting injunctive relief. *Woods Exploration and Production Co. v. Aluminum Company of America*, 438 F.2d 1286, 1312–13 (5th Cir.1971), *cert. denied*, 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972). It is within the court's discretion to decide whether or not to take such action and within the limits of such discretion the decision is left undisturbed. *Delta Airlines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582 (11th Cir.1983).

■ The circumstances presented here are such that the exemption should be invoked. The Pomerantz Levy firm seeks to support two earlier rulings and orders of this Court awarding fees to themselves as attorneys for the class plaintiff and to Mr. Klinger the accountant. If the New York court exercised jurisdiction and subsequently ruled that the claim of the legal representative of the Klinger estate should be sustained, the February 13, 1984 and June 15, 1984 final adjudication of the matter by this Court would in effect be nullified and set aside. The 1984 fee awards were final rulings on the merits as to attorney fees and accountant fees. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised." *Federated Department Store, Inc. v. Miotie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981).

■ The matter of the accountant's fee was fully presented before this Court. Mr. Klinger had every opportunity to participate and did, in fact, sit through and offered testimony during the proceedings. If there were considerations over and beyond those presented by the Pomerantz Levy firm on the two occasions he appeared before the Court, he was free to make this known and should have disclosed those matters to the Court. Mr. Klinger failed to assert the claim now asserted by his estate at a time when it could have been fully considered and litigated. Under the circumstances, it would be inappropriate for

---

**3.** Transcript of Feb. 24, 1983 at 73–94 (Testimony of Mr. Klinger).

the representative of his estate to assert such a claim especially when the claim is based upon oral representations allegedly made in 1960 by persons both of whom are now deceased. The doctrine of *res judicata* or issue preclusion bar the proceeding before the New York Supreme Court.

*Silcox v. United Trucking Service, Inc.,* 687 F.2d 848 (6th Cir.1982) supports Pomerantz Levy's claims for relief. In an appeal from a trial court ruling in a fee dispute, the Sixth Circuit held that an injunction restraining an attorney from pursuing further a claim for an attorney fee in a state court was properly granted. The claim for fee had been decided adversely to the attorney in a federal court proceeding. The attorney sought a relitigation in the state court on basis of a *quantum meruit* action. The trial court enjoined the state proceedings relying upon 28 U.S.C. § 2283. Affirming that court, the circuit court concluded "where two successive suits seeks recovery for the same injury, a judgment on the merits operates as a bar to the later suit even though a different legal theory of recovery is advanced in the second suit." *Id.* at 852.

Mrs. Klinger's counsel argues that the fee arrangement between her husband and Pomerantz Levy was a distinct and separate issue from the court's fee determination which is not barred by the principles of *res judicata* and hence cannot be enjoined under 28 U.S.C. § 2283. Her counsel relies on *United States v. Ford Motor Company,* 522 F.2d 962 (6th Cir.1975). That case, however, does not support defendant's position in this proceeding. In *Ford Motor,* the government instituted a successful antitrust action requiring Ford to divest itself of certain manufacturing facilities. After divestiture, former employees of Ford filed a class action suit in the state court alleging breach of their employment contract for failure to pay separation wages. Ford sought to enjoin the plaintiffs' suit arguing that their claims for separation pay would destroy the company's efforts to comply with the antitrust decree and undermine the federal court's judgment. The federal court denied Ford's motion holding that the antitrust violations were completely sepa-

rate from Ford's prior contractual obligations to its former employees. Ford's employment obligations had no causal connection to its violations of the Clayton Act, 15 U.S.C. § 18, and were tangential to the antitrust action.

In contrast to *Ford Motor,* the proceedings before this Court were specifically undertaken to award a fair and reasonable fee to the defendant's husband. This circuit has heartily endorsed the pragmatic approach to the judicial rule of *res judicata* adopted by the Restatement (Second) of Judgment which requires a plaintiff to present in *one* suit all the claims for relief that he may have arising out of the same transaction or occurrence. *See, U.S. Industries v. Blake Construction Co., Inc.,* 765 F.2d 195, 205 (D.C.Cir.1985). As noted, Mr. Klinger had ample opportunity to raise the matter of the oral agreement with Pomerantz Levy in his fee application or during his appearances before this Court. His failure to raise any reference to the oral contract bars the representative of his estate from raising the issue before the New York state court. Obviously any arrangements touching upon the agreement would be integrally related to an appropriate award and should have been presented at that time.

■ Defendant also argues that even if Section 2283 were applicable, an injunction is inappropriate unless plaintiffs have made a showing of the need for equitable relief. Defendant offers no support for imposing such a predicate requirement. Indeed, such a requirement would effectively interpret the relitigation exception into a nullity. Parties can always raise *res judicata* as a defense to a repetitive lawsuit if compelled to defend this second lawsuit. However, the relitigation exception was adopted precisely to prevent repetitive suits generating unnecessary litigation by parties and needless friction between the courts. *Mitchum v. Foster,* 407 U.S. 225, 228, 92 S.Ct. 2151, 2154, 32 L.Ed.2d 705 (1972). As Judge Richard Owen aptly noted in *Browning Debenture Holders Comm. v. Dasa Corp.,* 454 F.Supp. 88, 105 (S.D.N.Y.1978) requot-

**664**

ed by the 2nd Circuit 605 F.2d 35, 40 (2d Cir.1978):

it would be a disservice not only to defendants, but also to the state judiciary, to allow the entire record to be placed in the lap of the state courts to be argued over by lawyers and puzzled over by judges for years to come. While comity requires respect for the ability of the state courts to decide the issue of *res judicata* properly, it also requires sympathy for their calendar problems and for the task that would confront them were this litigation to be imposed upon them.

■ Defendant finally contends that plaintiffs' motion to enjoin the state proceeding should be denied as untimely. Again, no support is offered for the proposition. The record in this proceeding shows that the state court action remains in its initial stages. The parties have undergone documentary discovery, completed one round of defendant's written interrogatories and plaintiffs have deposed Mrs. Klinger. The proceedings have not developed sufficiently to justify a finding of detrimental reliance and estoppal. Nor did Pomerantz Levy ever indicate nor did Mrs. Klinger allege, any intent to relinquish their rights to pursue a motion for an injunction in federal court. *Samuel C. Ennis & Co., Inc. v. Woodmar Realty Co.*, 542 F.2d 45 (7th Cir.1976).

Pomerantz Levy seek an injunction in order to protect and effectuate this Court's award of attorneys' fees and accounting fees. Injunctive relief is needed to preserve "the full fruits and advantages" of this Court's judgment. *Local Loan Co. v. Hunt*, 292 U.S. 234, 239, 54 S.Ct. 695, 696, 78 L.Ed. 1230 (1934).

On basis of the above, the motion of Pomerantz Levy Haudek Block & Grossman is granted.

An appropriate Order will be entered.

### ORDER

In accordance with the Memorandum Opinion issued on this date, it is this 14th day of January, 1987,

### ORDERED

That plaintiffs' motion for an injunction pursuant to 28 U.S.C. § 2283 is hereby granted. The representative of the Estate of Eric J. Klinger is permanently enjoined from further prosecution of the civil proceedings now pending in the Supreme Court of the State of New York, County of New York titled *Charlotte Klinger*, as executrix, etc. v. *Julius Levy et al.*, individually and as copartners, doing business under the firm name of *Pomerantz Levy Haudek Block and Grossman.*