Elinor M. ARTMAN, Plaintiff,

v.

**PRUDENTIAL–BACHE SECURITIES, INC., Defendant.**

No. C–1–86–0009.

United States District Court, S.D. Ohio, W.D.

May 29, 1987.

patent, on such terms as the Court deems reasonable.

John L. Campbell, Timothy L. Bouscaren, Cincinnati, Ohio, Ron Parry, Covington, Ky., for plaintiff.

Glenn V. Whitaker, Cincinnati, Ohio, Barbara Scott Bison, Timothy S. Black, Cincinnati, Ohio, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter came on for consideration of defendant Prudential-Bache Securities, Inc.'s motion for summary judgment (doc. 21), plaintiff's memorandum in opposition (doc. 25) and defendant's reply (doc. 30).

Plaintiff has alleged several claims for relief: Counts 1 and 2 allege violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(j)(b) and Rule 10(b)(5) promulgated thereunder; Count 3 alleges a violation of Section 12(2), of the Securities Act of 1933; Counts 4, 5, 6, and 7 are pendent state claims for a violation of the Ohio Blue Sky laws, Ohio Rev. Code § 1707 *et seq.*, common law fraud, breach of fiduciary duty, and negligence. Plaintiff's complaint contained a demand for a jury trial on all claims (doc. 1).

On May 28, 1986, this Court denied defendant's motion to compel arbitration with regard to plaintiff's federal securities laws claims, but granted the motion with respect to the state law claims. We specifically ordered that the federal securities claims would "proceed to trial" and further noted that the Supreme Court had recently decided that state law claims must be submitted to arbitration where there is an agreement, but declined to address the issue of the arbitrability of 1934 Act claims. (*See* doc. 12); *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). In retaining jurisdiction over the federal claims, this Court felt compelled to follow the present state of the law in this Circuit, which is that the District Court should retain jurisdiction over claims arising under the Securities Exchange Act, despite the presence of an arbitration agreement between the parties. *Liskey v. Oppenheimer & Co., Inc.,* 717 F.2d 314, 315 (6th Cir.1983); *Mansbach v. Prescott, Ball & Turben,* 598 F.2d 1017 (6th Cir.1979). Recently, this decision was affirmed by the Sixth Circuit. *Sterne v. Dean Witter Reynolds, Inc.,* 808 F.2d 480 (6th Cir.1987).

On February 12, 1987, the Arbitration Panel issued an award, stating in relevant part:

> Respondent, Prudential-Bache Securities, Inc. shall pay the claimant, Elinor Artman, the sum of forty thousand and 00/100 dollars ($40,000.00).... This Award is in full settlement of all claims submitted to this arbitration.

(doc. 25, Ex. A).

Defendant now moves this Court to enter summary judgment in its favor based upon the affirmative defenses of arbitration and award, *res judicata,* and collateral estoppel.[1] Defendant argues that this action is barred because plaintiff possesses an award of the arbitrators arising out of the same transactions or occurrences asserted in this action which precludes plaintiff from relitigating these issues which were actually raised in the arbitration or which could have been raised. Plaintiff responds that the federal securities claims have not been litigated and her right to a jury trial cannot be abridged in light of recent Supreme Court precedent. In any event, plaintiff contends that there remain unresolved issues of material fact and that the arbitration award itself gives no indication of the basis for the award. Therefore, plaintiff argues, the doctrine of collateral estoppel is inapplicable.

In considering a motion for summary judgment, the narrow question we must decide is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.

---

1. Defendant also asserts estoppel, payment, accord and satisfaction, release, waiver, and election of remedies as defenses. However, since defendant has not presented arguments concerning these defenses in its motion, we do not address them herein.

The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). And, while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.*, quoting Rule 56(c), Fed.R.Civ.P. Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.*

After examining the pleadings and other papers filed in this case, and after hearing the oral arguments presented on these issues, we conclude that defendant's motion for summary judgment should be denied. The law in this Circuit is clear that "where two successive suits seek recovery for the same injury, a judgment on the merits operate as a bar to the later suit." *Cemer v. Marathon Oil Company*, 583 F.2d 830 (6th Cir.1978) (*citing Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319–21, 47 S.Ct. 600, 601–03, 71 L.Ed. 1069 (1927). *Res judicata* precludes parties from relitigating not only the issues which were actually raised in the former lawsuit, but also all issues which could have been raised. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

In deciding whether plaintiff's claims are barred by *res judicata*, we must engage in a two-step analysis. First, we must decide whether the claims before this Court and those litigated in arbitration arise out of the same transaction or occurrence and seek recovery for the same injury, and whether plaintiff could have brought the claims it is now asserting, in the previous proceeding before the arbitration panel. *Silcox v. United Trucking Service, Inc.*, 687 F.2d 848 (6th Cir.1982). Our second inquiry is whether the circumstances of this case render the general principles of *res judicata* inapplicable, as the Sixth Circuit has held that "[n]either collateral estoppel nor *res judicata* is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy or result in manifest injustices." *Tipler v. E.I. du Pont de Nemours and Co.*, 443 F.2d 125, 128 (6th Cir.1971).

Foremost, in our consideration of defendant's motion are the recent pronouncements by the Supreme Court and the Sixth Circuit on the issue of the arbitrability of federal securities laws claims and the policy of providing a judicial forum for those claims. Therefore, we analyze the second inquiry, concerning whether there is a policy overriding the advantages of arbitration, before we determine whether the element of *res judicata* or collateral estoppel are technically satisfied in this case, as we believe such policy would have a bearing upon the preclusive effect of the arbitration award.

We begin with the Supreme Court case of *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) wherein the Court declined to compel arbitration of federal securities laws claims brought pursuant to section 12(2) of the Securities Act of 1933, despite the fact that the parties had entered into a predispute arbitration agreement and despite the fact that the Federal Arbitration Act, mandates that the district court should stay any action pending arbitration of claims "referrable to arbitration under an agreement in writing for such arbitration[.]" 9 U.S.C. § 3. In *Wilko*, the Court concluded that, on balance, the policy inherent in the anti-fraud protection of the securities laws is stronger than the policies advanced by arbitration. The Court stated:

> Two policies, not easily reconcilable, are involved in this case. Congress has afforded participants in transactions sub-

ject to its legislative power an opportunity generally to secure prompt, economical and adequate solution of controversies through arbitration if the parties are willing to accept less certainty of legally correct adjustment. On the other hand, it has enacted the Securities Act to protect the rights of investors and has forbidden a waiver of any of those rights. Recognizing the advantages that prior agreements for arbitration may provide for the solution of commercial controversies, we decide that the intention of Congress concerning the sale of securities is better carried out by holding invalid such an agreement for arbitration of issues arising under the Act.

*Wilko*, 346 U.S. at 438, 74 S.Ct. at 188 (footnote omitted).

Recently, the Sixth Circuit held that the rationale of *Wilko* is just as applicable to claims brought under the 1934 Act and adopted the analysis of the Second Circuit which emphasized that "the broad policy questions involved in securities laws claims require a judicial forum for resolution of disputes." *Sterne v. Dean Witter Reynolds, Inc.*, 808 F.2d 480, 483 (*quoting McMahon v. Shearson/American Express, Inc.*, 788 F.2d 94, 96–97 (2d Cir.), *cert. granted*, —— U.S. ——, 107 S.Ct. 60, 93 L.Ed.2d 20 (1986)). The Sixth Circuit has also held that arbitration agreements, in the absence of an international securities transaction, are overridden by the anti-waiver provisions of the federal securities laws. *Mansbach v. Prescott, Ball & Turben*, 598 F.2d 1017 (6th Cir.1979).

It is clear from the foregoing authorities that there is a strong federal interest in retaining jurisdiction over matters concerning the sale of securities, even when the parties have agreed to arbitrate all disputes. This Court concludes that the strong policy of providing a federal forum for federal securities laws claims despite the presence of arbitrable pendent state claims, would be circumvented by giving preclusive effect to the arbitration award on the issues presented by the federal claims. We agree with plaintiff's statement that, to find otherwise, would be the same as telling plaintiff "The Court has

found that your federal securities claims are not arbitrable; however, when you go to arbitration, you had best arbitrate those claims there, for you will be estopped from later bringing them in federal court." (*See* doc. 25, p.5) . This is particularly the case, where as here, the Court specifically orders the plaintiff to arbitrate his or her state claims.

Although the Supreme Court in *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, declined to decide the issue of what preclusive effect, if any, the arbitration proceedings might have on the proceedings in the federal courts, the Court provided us with substantial guidance in this area. In response to the suggestion that District Courts should decide all claims, including pendent claims, when a nonarbitrable federal claim is before them, because otherwise the findings in the arbitration proceedings might have collateral estoppel effect in a subsequent federal proceeding, the Court stated:

We believe that the preclusive effect of arbitration proceedings is significantly less well settled than the lower court opinions might suggest, and that the consequence of this misconception has been the formulation of unnecessarily contorted procedures. We conclude that neither a stay of proceedings, nor joined proceedings, is necessary to protect the federal interest in the federal-court proceeding, and that the formulation of collateral-estoppel rules affords adequate protection to that interest.

Initially, it is far from certain that arbitration proceedings will have any preclusive effect on the litigation of non-arbitrable federal claims. Just last Term, we held that neither the full-faith-and-credit provision of 28 U.S.C. § 1738, nor a judicially fashioned rule of preclusion, permits a federal court to accord res judicata or collateral-estoppel effect to an unappealed arbitration award in a case brought under 42 U.S.C. § 1983. *McDonald v. West Branch*, 466 U.S. 284 [104 S.Ct. 1799, 80 L.Ed.2d 302] (1984). We also declined, in *McDonald*, to fashion a federal common-law rule of preclu-

sion, in part on the ground that arbitration cannot provide an adequate substitute for a judicial proceeding in protecting the federal statutory and constitutional rights that § 1983 is designed to safeguard. We therefore recognized that arbitration proceedings will not necessarily have a preclusive effect on subsequent federal court proceedings....

Significantly, *McDonald* also established that courts may directly and effectively protect federal interest by determining the preclusive effect to be given to an arbitration proceeding.... The Courts of Appeals that have assumed collateral-estoppel effect must be given to arbitration proceedings have therefore sought to accomplish indirectly that which they erroneously assumed they could not do directly

....

[I]n framing preclusion rules in this context, courts shall take into account the federal interests warranting protection....

*Byrd,* 470 U.S. at 222–23, 105 S.Ct. at 1243–44.

What can be gleaned from the *Byrd* decision is that the Courts must exercise extreme caution in applying rules of preclusion to a previous arbitration award when nonarbitrable federal securities laws claims are involved. In doing so, the Court should focus on "the federal interests in insuring a federal court determination of the federal claim, the expertise of the arbitrator and his scope of authority under the arbitration agreement, and the procedural adequacy of the arbitration proceedings." *Greenblatt v. Drexel Burnham Lambert, Inc.,* 763 F.2d 1352, 1361 (11th Cir.1985).[2]

In addition to meeting these three criteria, the general prerequisites to the application of collateral estoppel must be met; (1) identity of issues; (2) actual litigation of the issue in the prior litigation proceeding;

(3) the determination of the issue in the prior litigation or proceeding must have been a critical and necessary part of the judgment in the earlier proceeding, and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the early proceedings. *Greenblatt,* 763 F.2d at 1360. For purposes of *res judicata,* there must be an identity of causes of action, that is, an identity of the facts creating the right of action and the evidence necessary to sustain each action. *Westwood Chemical Co., Inc. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir.1981).

As outlined above, we conclude that the federal interest in providing a judicial forum for federal securities claims, even though there are arbitrable pendent claims, weighs heavily against giving preclusive effect to the arbitration proceedings and is of paramount concern to this Court. While we do not question the expertise of the arbitration panel and their scope of authority under the arbitration agreement, we express concern over the procedural adequacy of the arbitration proceeding for purposes of giving preclusive effect of those proceedings on the issues before this Court.

The arbitration award in this case simply stated that plaintiff is entitled to $40,000 from defendant and gives no indication of the basis for the award. Therefore, it is impossible for this Court to determine whether the issues underlying the federal securities claims were actually litigated and which issues were a critical and necessary part of that award. Moreover, plaintiff outlines several differences between actions for violations of Section 12(2) of the Securities Act of 1933 and Rule 10b–5 of the Exchange Act of 1934, and the arbitrated state law claims, which militate against giving preclusive effect to the arbitration

---

**2.** In *Greenblatt,* 763 F.2d 1352, the Court applied collateral estoppel to the arbitration panel's fact finding on the state law claims as to plaintiffs federal claims brought pursuant to Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, 1964. Although the Court noted the important federal policies inherent in the enforcement of RICO by the federal courts, the Court observed that whether a RICO claim is a nonarbitrable federal claim, was an open question in the Eleventh Circuit and that a RICO claim is unusual in that it must be based on underlying, independently unlawful acts.

proceedings on the basis of identity of issues.[3]

This Court is at a loss in determining what issues were actually litigated and necessary in the previous proceeding and is hesitant to deny plaintiff her day in court. We also note that there are genuine issues of material fact remaining in this case which preclude summary judgment in defendant's favor. Among those issues is whether plaintiff was an unsophisticated investor, who relied upon defendant's investment advice, or whether she was a fully informed sophisticated investor as defendant contends. Finally, and most important to our decision, we emphasize that the Supreme Court has recently articulated the strong policy of providing a judicial forum for federal securities laws claims, despite the presence of an arbitration agreement. For these reasons, we conclude that the prior arbitration proceedings should not have a preclusive effect on the matters now before this Court.

Accordingly, defendant's motion for summary judgment (doc. 21) is hereby denied.

SO ORDERED.

3. For example, plaintiff states that under section 12(2), she need not show any duty owed by the defendant to plaintiff as must be shown with negligence, or breach of fiduciary duty, she need not show reliance, as with fraud, and the burden of proof is not the same. Plaintiff also states that, unlike under the Ohio Blue Sky laws, even though she no longer owns the securities and therefore cannot tender them, plaintiff can sue for damages under section 2(2). She further states that the issue of "churning" alleged in the section 10b–5 claim was not at issue in any of the state claims and the issue of whether a security was purchased was not presented or resolved.