*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

*File Name: 18b0005n.06*

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

In re: OWEN CARL BELL,

*Debtor.*

_____

N5ZX AVIATION, INC.,

*Plaintiff-Appellee*,

No. 18-8021

*v.*

OWEN CARL BELL,

*Defendant-Appellant*.

On Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee at Nashville.
No. 16-02966; Adv. No. 16-90215—Charles M. Walker, Judge.

Decided and Filed: December 13, 2018

Before: BUCHANAN, DALES and HUMPHREY, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Gene Humphreys, BASS, BERRY & SIMS, PLC, Nashville, Tennessee, for
Appellee. Owen Bell, Whites Creek, Tennessee, pro se.

_____

**OPINION**

_____

GUY R. HUMPHREY, Bankruptcy Appellate Panel Judge. Judgment creditor N5ZX
Aviation, Inc. ("Aviation") brought an adversary proceeding against chapter 7 debtor Owen Bell

("Bell") seeking a determination that its claim is non-dischargeable under 11 U.S.C. § 523(a)(2). Aviation moved and was granted summary judgment by the bankruptcy court on the basis of issue preclusion. Bell timely appealed that decision.

## ISSUES ON APPEAL

Bell raises 17 issues on appeal in his notice of appeal, and more issues in his briefs, but only one has any relation to the judgment currently on appeal. Did the bankruptcy court err by holding a jury finding of fraud preclusive as to dischargeability? It did not, and so we affirm the bankruptcy court.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Middle District of Tennessee has authorized appeals to the Panel, and no party has timely filed to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1). For the purpose of an appeal, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. U.S.*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989). A determination of dischargeability is a final order. *Trudel v. United States Dep't of Educ.* (*In re Trudel*), 514 B.R. 219, 222 (B.A.P. 6th Cir. 2014) (citation omitted).

"Dischargeability determinations . . . are conclusions of law reviewed de novo." *Id.* (citing *Cheesman v. Tenn. Student Assistance Corp.* (*In re Cheesman*), 25 F.3d 356, 359 (6th Cir.1994). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders* (*In re Morgeson*), 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citation omitted).

## FACTS

Bell is in the airplane business. His company sells, repairs, maintains, and modifies airplanes. In 2009 Bell modified and sold to Aviation a plane bearing tail number N5ZX.

("N5ZX"). The deadly crash of another Bell-modified plane prompted all planes with similar modifications by Bell, including N5ZX, to be grounded by the FAA until their airworthiness could be restored. Aviation sued Bell in the United States District Court for the Middle District of Tennessee for compensatory and punitive damages on several theories, including misrepresentation or fraud relating to the modification, sale, and subsequent grounding of N5ZX. *See N5ZX Aviation, Inc. v. Bell*, No. 11-00674 (M.D. Tenn. 2014) (the "District Court trial").

The District Court trial took place over ten days in March 2014. Both parties were represented by counsel who actively litigated the case before a jury. Aviation presented testimony to establish that Bell used N5ZX as a test bed for his modifications, drilling holes into the structure of the wings, which he knew would make the plane unsafe to fly. Aviation's witnesses testified that Bell made numerous misrepresentations regarding the plane's airworthiness and his standing with the FAA to induce Aviation to purchase N5ZX.

As Aviation presented its evidence, Bell noted what he considered to be "28+++ Intentional Fabricated Falsifications" made by Aviation's attorney during opening statements, and also by its owner and manager as they testified. (Resp. to Mot. for Summ. J. 8, ECF No. 21-1).[1] Bell shared these concerns with his attorney during the trial. Bell argues that Aviation's witnesses' fabrications went unchallenged during cross-examinations because his attorney was suffering from "head & chest congestion" (Appellant's Br. 7), and that his attorney did not re-call these witnesses because they had already returned to Texas before he presented his case.[2]

The jury in the District Court trial returned a verdict finding that Aviation proved its claim against Bell for intentional misrepresentation or fraud and awarded Aviation $226,000 in

---

[1]Unless otherwise noted, all record cites are located in the electronic docket of *N5ZX Aviation, Inc. v. Bell*, 16-90215, (Bankr. M.D. Tenn.).

[2]While in bankruptcy, Bell filed a series of lawsuits in federal district court against Aviation's owner, attorneys, expert witnesses, the chapter 7 trustee, and an attorney representing one of Aviation's attorneys. Bell brought these suits to expose "28+++ Intentional Fabricated Falsifications" that he failed to raise at the District Court trial. These cases have all either been dismissed or become inactive.

compensatory damages and $774,000 in punitive damages.[3]  Bell initially appealed the judgment resulting from the verdict, but then voluntarily dismissed the appeal.

In April 2016 Bell filed a voluntary chapter 7 petition.  Aviation then filed an adversary proceeding to determine that the fraud award was non-dischargeable under 11 U.S.C. § 523(a)(2) and moved for summary judgment based on issue preclusion.  Aviation argued that summary judgment was appropriate because Tennessee's fraud cause of action as articulated in the jury charge was virtually identical to fraud as required by § 523(a)(2).  Bell's counsel submitted a two-page response mentioning, though not arguing in favor of, his client's two objections to the motion for summary judgment.  Bell's first objection was that the fraud award was inappropriate because he felt it was based on the numerous lies made by Aviation's attorney during the District Court trial.  Bell's second objection was that the compensatory damages should be dischargeable because, "[a]s Mr. Bell reads the jury verdict, the jury found him negligent and also in breach of his warranty which resulted in an awarded [sic] of compensatory damages in the amount of $226,000.00.  The jury went beyond that and punished Mr. Bell for his intentional misrepresentations and fraud in the amount of $774,000.00."  (Resp. to Mot. for Summ. J. 2).

In January 2017 the bankruptcy court held a hearing on the motion for summary judgment and entered a partial summary judgment against Bell without specific findings and conclusions.[4]  Aviation filed an unopposed motion to amend the partial judgment resulting in a final judgment,[5] from which Bell timely appealed.  While Bell is still represented in the bankruptcy case, he is unrepresented in this appeal.

---

[3]On April 4, 2016 the District Court awarded an additional $412,894.78 in attorney fees, bringing the total award against Bell to $1,412,894.78.

[4]Under Federal Rule of Civil Procedure 52(a), the bankruptcy court "was not required . . . to enter findings of fact and conclusions of law upon entry of a summary judgment," although "such findings and conclusions are helpful to appellate review."  *Farbwerke Hoeschst A.G. v. M/V "Don Nicky"*, 589 F.2d 795, 798 (5th Cir. 1979) (reversing the District Court for the District of the Canal Zone, holding that, while not mandatory, "an outline of the court's underlying reasoning could have prevented the necessity for reversal.").  Unlike *Don Nicky*, the law which the bankruptcy court applied is clear and the *relevant* facts are undisputed.

[5]The partial judgment determined that the jury's fraud finding had preclusive effect and therefore the $1 million damages portion of the fraud award was non-dischargeable, but left open the question of whether the award of attorney fees would be excepted from the discharge and requested the parties to notify the court if a further hearing was needed on that issue.  Bell appealed the partial judgment, but the parties stipulated that the partial judgment was not final, and to dismiss the appeal so the bankruptcy court could decide whether the attorney fees

## DISCUSSION

Bell appeals the final judgment—which determined that the jury award was excepted from discharge under § 523(a)(2)(A) based on issue preclusion—but barely addresses the only relevant issue: whether issue preclusion should apply to the dischargeability determination. Bell's appeal ignores the question of issue preclusion, dismissing it as "a smoke screen" distracting from "[t]he main real issue in this case . . . the deceit, fraud which was perpetrated on the jury and the court" by Aviation's counsel in the District Court trial. (Reply Br. 1–2). But issue preclusion is no mere smoke screen. The Supreme Court addressed the purpose of this rule over a century ago, explaining that the rule's "enforcement is essential to the maintenance of social order," because "the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if" the judgments of those tribunals were not final as to "all matters properly put in issue, and actually determined by them." *S. Pac. R. Co. v. United States*, 168 U.S. 1, 49, 18 S. Ct. 18, 27 (1897). Simply put, courts cannot succeed in their mission to resolve disputes between parties if the losing party can simply re-litigate the dispute before a new court.

Issue preclusion, also called collateral estoppel, applies in dischargeability proceedings when facts or legal issues determined in prior litigation are relevant to the elements of a creditor's § 523 claim. *Grogan v. Garner,* 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 658 (1991). Because Aviation seeks to give preclusive effect to a federal district court decision, federal preclusion law applies. *Trost v. Trost* (*In re Trost*), 735 F. App'x 875, 877 (6th Cir. 2018). Federal preclusion law bars a party from relitigating an issue when:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Id.* at 878 (quoting *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005)).

---

were dischargeable. A year then passed without any filings in the case before the court held a status conference. The final judgment dismissed with prejudice the dischargeability claim on the attorney fees, made the partial judgment final, and acknowledged Bell's right to appeal.

Bell has not denied the first four factors of this test on summary judgment or appeal. Bell's briefs, at most, argue that the jury verdict should not be preclusive because he was not given a full and fair opportunity to litigate the issue of fraud. But this argument fails.

During the District Court trial, Bell informed his counsel of what he perceived to be false statements by Aviation's counsel and witnesses. Those perceived falsehoods were not raised at trial, were not raised through a post-trial motion, and were not raised on appeal of the jury verdict. Bell's opportunity to litigate Aviation's fraud claim against him was during the District Court trial—not in his suits against Aviation's counsel and witnesses, not in the dischargeability proceeding, and not in this appeal. A party may not collaterally attack a judgment obtained in another court based upon an asserted error in that other proceeding. The appropriate avenue to pursue that asserted error is by way of appeal of the judgment in the prior proceeding. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398–99, 101 S. Ct. 2424, 2428 (1981); *Silcox v. United Trucking Serv., Inc*., 687 F.2d 848, 852 (6th Cir. 1982) (party could not re-litigate the merits of an attorney fee award and the prior court's ancillary jurisdiction because "he did not take full advantage of his opportunity to litigate it" in the prior proceeding.).

While Bell did initially appeal the District Court's judgment, he voluntarily dismissed that appeal, thereby forfeiting his right to further pursue any claimed errors in the District Court trial. His assertion in this appeal that he did not receive a full and fair opportunity to litigate his positions in the District Court is a collateral attack on that judgment which does not prevent the application of issue preclusion to the District Court's judgment. Bell is simply attempting to re-litigate the issues adjudicated in the District Court trial. Accordingly, the bankruptcy court did not err in applying issue preclusion to District Court's fraud judgment, resulting in its determination that the debt owed to Aviation is non-dischargeable under § 523(a)(2)(A).

**CONCLUSION**

For the reasons stated above, we AFFIRM.