Eugene A. CEMER, Plaintiff-Appellant,

v.

MARATHON OIL COMPANY,
Defendant-Appellee.

No. 76–2405.

United States Court of Appeals,
Sixth Circuit.

Argued April 4, 1978.

Decided Aug. 21, 1978.

Philip Green, Colista, Green, Green & Adams, Detroit, Mich., for plaintiff-appellant.

Chester E. Kasiborski, Jr., Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for defendant-appellee.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Plaintiff Cemer, a former employee of Marathon Oil Company, was discharged on July 9, 1971. He first filed suit in the United States District Court for the Northern District of Ohio, alleging that his termination violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* That court, concluding that the applicable statute of limitations barred the suit, dismissed the complaint for failure to state a claim upon which relief could be granted. Rule 12(b)(6), Fed.R.Civ.P. Cemer's former attorney did not oppose the motion to dismiss and did not perfect an appeal from the judgment of the district court.

Shortly thereafter Cemer filed a second action in Michigan state court, claiming that his discharge constituted a breach of his employment contract. Invoking diversity jurisdiction, Marathon removed the case to the United States District Court for the Eastern District of Michigan and moved the district court to dismiss the second suit on the ground that it was barred by *res judicata.* The district court, ruling that the judgment in the Northern District of Ohio constituted "a prior final adjudication on the merits on the same cause of action between these parties", entered judgment for Marathon. We affirm.

The sole issue presented in this appeal is whether state or federal law governs the splitting of a cause of action.

Appellant urges that the *Erie* doctrine requires the application of Michigan law in adjudicating the contract claim, citing *McConnell v. Travelers Indemnity Co.,* 346 F.2d 219, 222 (5th Cir. 1965). *See also Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *Gentry v. Jett,* 273 F.2d 388 (8th Cir. 1960); C. Wright, Law of Federal Courts § 78 at 386 (3d ed. 1976).

Unlike the cases above, however, the district court here was obliged to consider the effect of a prior judgment issued by the federal district court in Ohio. As the Second Circuit observed in *Kern v. Hettinger,* 303 F.2d 333 (2d Cir. 1962):

> One of the strongest policies a court can have is that of determining the scope of its own judgments. Cf. *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.,* 1958, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953. It would be destructive of the basic principles of the Federal Rules of Civil Procedure to say that the effect of a judgment of a federal court was governed by the law of the state where the court sits simply because the source of federal jurisdiction is diversity. The rights and obligations of the parties are fixed by state law. These may be created, modified and enforced by the state acting through its own judicial establishment. But we think it would be strange doctrine to allow a state to nullify the judgments of federal courts constitutionally established and given power also to enforce state created rights. The *Erie* doctrine, [*Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] is not applicable here  .   .   . .

*Id.* at 340. *Accord, Aerojet General Corp. v. Askew,* 511 F.2d 710, 716–18 (5th Cir.), *cert. denied,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); *see also Atkins v. Schmutz Manufacturing Co.,* 435 F.2d 527, 535–37 (4th Cir. 1970) (en banc), *cert. denied,* 402 U.S. 932, 91 S.Ct. 1526, 28 L.Ed.2d 867 (1971). We conclude that the scope of a federal judgment is governed by Rule 41(b), Fed.R.Civ.P., *Bartsch v. Chamberlin Co.,* 266 F.2d 357, 358 (6th Cir. 1959), and that the Federal Rule supplies the controlling principle, notwithstanding a contrary state rule of *res judicata. Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

Rule 41(b) provides:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The order of the district court in the first suit did not provide that the judgment was not on the merits. Absent such limiting language, the judgment operates as an adjudication on the merits under Rule 41(b), even where the dismissal is pursuant to Rule 12(b)(6), Fed.R.Civ.P.[1] *E. g., Bartsch v. Chamberlin Co., supra,* 266 F.2d at 358; *Durham v. Mason & Dixon Lines, Inc.,* 404 F.2d 864, 865 (6th Cir. 1968).

Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit. *Baltimore S.S. Co. v. Phillips,* 274 U.S. 316, 319–21, 47 S.Ct. 600, 71 L.Ed. 1069 (1927); *United States v. California & Oregon Land Co.,* 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476 (1904) (Holmes, J.); *Mayer v. Distel Tool & Machine Co.,* 556 F.2d 798 (6th Cir. 1977); *Engelhardt v. Bell & Howell Co.,* 327 F.2d 30, 32–36 (8th Cir. 1964); Restatement of Judgments § 63 (1942). Both the first and second suits seek to remedy a single alleged wrong—the discharge of Cemer by Marathon. In view of the diversity of the parties, both the contract claim and the ADEA claim were within the original jurisdiction of the district court in the first action and should have been brought together.[2] The failure to join them bars the instant suit, as the court below correctly held.

Affirmed.

---

1. Cemer argues in effect that the Ohio suit should have been dismissed for lack of jurisdiction under Rule 12(b)(1) rather than upon the statute of limitations under Rule 12(b)(6). Under Rule 41(b), a dismissal resting on the former ground would not operate as a judgment on the merits. The error which the appellant purports to find in the Ohio judgment, however, should have been raised in a direct appeal and may not be considered collaterally in the instant case.

2. The Ohio district court would have been obligated to accept jurisdiction over the contract claim had it been joined in the first suit. *See*

*Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 352–53, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). We need not reach the question whether a party must assert a separate claim arising from a single injury where the claim is merely within the court's pendent jurisdiction. We recognize that unlike a claim within the court's original jurisdiction, the adjudication of a pendent claim is committed to the district court's discretion and is not mandatory. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). We do not resolve how the different policies thus implicated would bear on the scope of *res judicata.*