762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Franklin Smith, Plaintiff-Appellant,
v.
Commission of Corrections; Barke, Al, Warden KSP; Newsome,
Laruance, Officer KSP, Defendants-Appellees.
 No. 84-5914
 United States Court of Appeals, Sixth Circuit.
 3/12/85
 
 ORDER
 BEFORE: KENNEDY and WELLFORD, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motion for transcript at government expense. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the appellant's informal brief and motion, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellant appeals from the summary judgment dismissing his 42 U.S.C. Sec. 1983 civil rights action. The appellant is incarcerated at Kentucky State Penitentiary, Eddyville, Kentucky. He alleges that the appellee's policy, as embodied in document 100000-20, concerning access to free legal supplies violates his right of access to the courts. The district court dismissed the case because the issues set forth by the appellant had previously been decided in Kendrick v. Bland, No. 79-0079-P, (W.D. Ky. May 29, 1984), appeal docketed, nos. 84-5762 and 84-5763 (6th Cir. July 27, 1984 and August 20, 1984).
 
 
 3
 A judgment in a properly entertained class action is binding on any class member in subsequent litigation. Cooper v. Federal Reserve Bank, ---- U.S. ----, 104 S.Ct. 2794 (1984). The appellant was a member of the class of plaintiffs in Kendrick v. Bland, supra. Both the plaintiff class in Kendrick and the appellant in the present action sought to redress the same alleged injury, a deprivation of the right to equal access to the courts. The issues set forth in Kendrick are the same as those set forth by the appellant herein. Consequently, the district court's judgment set forth in Kendrick v. Bland, supra, operates as a bar to the appellant's suit. Cemer v. Marathon Oil Co., 583 F.2d 830, 832 (6th Cir. 1978).
 
 
 4
 Accordingly, the motion for transcript at government expense is denied and the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.