812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PHILLIPS; Kenneth P. Bippus; Leroy Bowers; Robert
Bowling; Donald Browning; Michael Broerman; William
Cagel; Wayne Cheek; Robert Dumford, Jr.; Robert Dumford,
Sr.; Wendell Eversole; Rex Fox; Thomas Gabbard; Roland
Gibson; Bob Griffin; Jess Harney; James Hof; Lawrence
Huber; Jerry Kindred; John Krieg; Leslie Lonaker; Wayne
Lykins; Donald Lynch; James McFarland; Steward J.
Michell; Michael Molloy; Michael O'Donnell; Charles
Parker; John Parker; Bill Pierson; Jim Rack; Terry
Rettberg; Gene Roberts; Joe Russell; Joe Sargent; Robert
Schibi; Edward Smith; Elsworth Trader; Carl Webber;
Andrew Whitaker; Keith Wilson; Ewell Wyatt; Plaintiffs-Appellants,
v.
READING CENTRAL MIXED CONCRETE, INC., et al., Clyde W.
Woeber; Teamsters Health and Welfare Fund; Central States
Southeast & Southwest Areas Pension Fund; SDI Reading
Concrete, Inc.; SDI Industries, Inc.; Irvin T.
Scharfenberger; James F. Simon; John Does, I (Business
Entities); John Does, II (Individuals), Defendants-Appellees.
 No. 86-3085.
 United States Court of Appeals, Sixth Circuit.
 Jan. 16, 1987.
 
 Before ENGEL and JONES, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the grant of summary judgment by the United States District Court for the Southern District of Ohio on their claims brought pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1132 and the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. Sec. 1964.
 
 
 2
 Plaintiffs are former employees of the Reading Central Mixed Concrete Company (Reading). The company was sold to SDI in 1981. Reading laid off these plaintiffs, and the new company, SDI, did not rehire them. The Teamsters Local Union 100 (Union) brought charges of unfair labor practices against SDI by claiming that SDI was the alter ego of Reading and should be bound by Reading's collective bargaining agreements. The NLRB regional director investigated the charge and dismissed it. In an earlier action commenced and brought under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, in the United States District Court for the Southern District of Ohio, Bippus v. Local 100 of the National Brotherhood of Teamsters, No. C-1-81-906, plaintiffs charged that SDI was the alter ego of Reading, and that SDI and Reading had breached the Reading labor agreements and wrongfully deprived the plaintiffs of their wages, jobs, seniority and other benefits. They alleged that Reading had made false representations that the labor agreement between the Union and Reading would be included in any sale or transfer of Reading and binding on any subsequent purchaser. Summary judgment was granted in that action on the ground of the statute of limitations, and the Sixth Circuit affirmed. In 1984 most of the Bippus plaintiffs filed this lawsuit. The lawsuit charged that the sale to SDI was fraudulent as SDI was Reading's alter ego, that the purpose of the transaction was to eliminate Reading's collectively bargained obligations to plaintiffs, and that it was a sham transaction designed to interfere with plaintiffs' rights under the Teamsters fund, ERISA, and the Welfare and Pension Plans Disclosure Act in violation of ERISA. The complaint charged that defendants' fraud, concealment, and racketeering created a cause of action under RICO. The district court granted defendants' motion for summary judgment on the ground of res judicata.
 
 
 3
 Counsel for plaintiff both in his brief and in oral argument before our court has forcefully argued that the authorities relied upon by the trial judge as justification for his determination that plaintiffs' claim is barred by the doctrine of res judicata, and particularly Harrington v. Vandalia-Butler Board of Education, 649 F.2d 434 (6th Cir.1981), and Cemer v. Marathon Oil Co., 583 F.2d 830 (6th Cir.1978), are subject to an exception when application of such rules would work manifest injustice upon the plaintiffs. While the scope of such an exception would appear to be quire narrow in all events, Federated Department Stores, Inc. v. Moitie, 452 U.S. 394 (1981), the court is of the opinion that such exception would not have been applicable here where the injury, the parties, and the general nature of the dispute were well-known to the plaintiffs from the outset, and any remedies under ERISA and RICO could have been either known or discovered prior to the dismissal of Bippus v. Local 100 of the National Brotherhood of Teamsters, supra. No unfairness is attached to the dismissal of the earlier case on statute of limitations grounds, even though DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), was decided after plaintiffs' earlier cause of action accrued, since its effect was to expand rather than to shorten the then-existing borrowed Ohio statute of limitations applicable to hybrid suits under section 301.
 
 
 4
 For these reasons and for the other reasons set forth in the thorough opinion of United States District Judge S. Arthur Spiegel filed in the district court December 26, 1985, the judgment of the district court is AFFIRMED.