915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Kent BESS, Plaintiff-Appellant,
v.
GRAND TRUNK WESTERN RAILROAD COMPANY, Defendant-Appellee.
 No. 90-1243.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Kent Bess filed a complaint pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, in the United States District Court for the Eastern District of Michigan. In support of his request for monetary damages under that statute, he alleged that he had sustained a work-related injury to his back in consequence of defendant's negligence in determining his work assignment. Defendant subsequently sought the dismissal of the complaint in a motion for summary judgment, based upon the contention that Bess had previously maintained and settled a cause of action under the FELA in the United States District Court for the Western District of Michigan. Defendant further maintained that the earlier cause of action concerned the same injury to Bess's back and therefore caused the operation of res judicata to bar any subsequent cause of action against it based upon that injury. After review of the documents on file and Bess's response, the district court agreed and entered judgment in favor of defendant. Bess then filed this appeal.
 
 
 3
 This court has carefully reviewed the record and has concluded that the district court did not err in granting summary judgment. Although advancing a different legal theory of recovery, Bess's maintenance and settlement of a prior claim under the FELA does bar his pursuit of a second cause of action based on the same injury. Cemer v. Marathon Oil Co., 583 F.2d 830, 832 (6th Cir.1978) (per curiam). Moreover, the agreement settling Bess's initial cause of action, as well as the transcript of the hearing at which the District Court for the Western District of Michigan approved that agreement, clearly reflects that defendant did not waive its right to assert res judicata as a defense in the cause of action which is the subject of this appeal.
 
 
 4
 Accordingly, the district court's final judgment dismissing the complaint is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.