993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman WHITE and Kimberly White, Plaintiffs-Appellants,
v.
Michael ROBINSON, Colonel, Director of Michigan State Police
and successor in interest; Herman Newman, Lieutenant,
Michigan State Police; Donald Reed, Lieutenant, Michigan
State Police; Ronald J. Lapp, Lieutenant, Michigan State
Police; Mike Green, Officer, Michigan State Police; Arnie
Phillips, Officer, Michigan State Police; and Unknown
Officers of the Michigan State Police, Defendants-Appellees.
 No. 92-1497.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Norman and Kimberly White filed this action in federal district court against the defendants pursuant to 42 U.S.C. § 1983. The Whites allege that the defendants violated Norman White's constitutional rights in connection with an investigation into drug use at Norman White's former place of employment. The district court granted summary judgment in favor of the defendants, and the Whites now appeal that judgment. We affirm.
 
 
 2
 Norman White was an employee at General Motors' Hydramatic Plant in Ypsilanti, Michigan until December 5, 1985. Prior to that time, General Motors had been conducting investigations into the sale of drugs at the plant with the help of a private investigator and the Michigan State Police. The investigation culminated with the arrests of several employees, including Norman White. The drug charges against White were dismissed on January 15, 1985.
 
 
 3
 On March 28, 1988, White and his wife Kimberly filed an action in Wayne County Circuit Court, alleging only state law claims for negligent investigation, false imprisonment, trespass/"civil burglary", intentional infliction of emotional distress, conspiracy, and loss of consortium. The Complaint named General Motors; Professional Law Enforcement, Inc., the agency hired by General Motors to conduct the undercover investigation; two employees of General Motors and one employee of Professional Law Enforcement, Inc.; Lieutenant Ronald J. Lapp of the Michigan State Police; and the Michigan State Police as defendants.[1] The state court granted summary judgment to defendants Lapp and the Michigan State Police on January 17, 1991 because the Whites had failed to file their action within the applicable statute of limitations.[2]
 
 
 4
 On April 8, 1991, the Whites filed this action against Lieutenant Lapp; Colonel Michael Robinson, successor Director of the Michigan State Police; four individual officers of the Michigan State Police; and other unnamed officers of the Michigan State Police. Although the Whites predicate this action upon 42 U.S.C. § 1983, the factual underpinning for this action is identical to that of the action dismissed by the Wayne County Circuit Court. The district court granted summary judgment in favor of the defendants, holding that the outcome of the state court action barred this action under principles of res judicata. We agree.
 
 
 5
 It is clear from the record that identical facts formed the basis for both the previous state court action filed by the Whites and the present § 1983 action. We have long held that "[w]hen two successive suits seek recovery for the same injury, 'a judgment on the merits operates as a bar to the later suit, even though a different legal theory is advanced in the second suit.' " Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 437 (6th Cir.1981) (quoting Cemer v. Marathon Oil Co., 583 F.2d 830, 832 (6th Cir.1978)). Moreover, "the judgment on the merits in the first case is an absolute bar to the subsequent action between the same parties, not only in respect to every matter which is actually offered, but also as to every ground of recovery which might have been presented." White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). A subsequent federal court must also give the same preclusive effect to a previous state court judgment that the earlier judgment would receive in the courts of the rendering state. Migra v. Warren City School District. Bd. of Educ., 465 U.S. 75, 85 (1984).
 
 
 6
 The Wayne County Circuit Court granted summary judgment to the defendants based on the Whites' failure to file the first action within the applicable statute of limitations. Therefore, to determine if we must give preclusive effect to the previous state court judgment in this case, we must determine whether summary judgment on limitations grounds constitutes a judgment on the merits. We have held that FED.R.CIV.P. 41 governs the scope of a judgment rendered by a federal district court. Cemer, 583 F.2d at 832. Rule 41 provides that a dismissal shall constitute a judgment on the merits unless the order specifically states that the dismissal is without prejudice or if the dismissal results from lack of jurisdiction, improper venue, or failure to join a party under Rule 19. FED.R.CIV.P. 41(b). As such, summary judgment on limitations grounds is a judgment on the merits. See Cemer, 583 F.2d at 832. See also Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128-29 (10th Cir.), cert. denied, 112 S.Ct. 407 (1991).
 
 
 7
 Michigan's rule with respect to dismissal of actions contains a provision almost identical to Rule 41(b). MICH.COURT R. 2.504(B)(3). We believe that, like Federal Rule 41, this rule provides that summary judgment on limitations grounds rendered by a Michigan state court is an adjudication on the merits. As such, the judgment by the state court suit in the Whites' previous action bars the present § 1983 action. The Whites could clearly have asserted § 1983 as a basis for recovery in their initial action. They chose, however, to remain in state court with only state law claims. They cannot now attempt to assert essentially the same claims in federal court.
 
 
 8
 As an additional matter, we note that the present action also fails because the Whites failed to file the action within the applicable limitations period. To determine the applicable statute of limitations for a § 1983 action, we must look at the statute of limitations for personal injury actions in the state in which the claim is brought. See Wilson v. Garcia, 471 U.S. 261 (1985). In Michigan, a plaintiff must file an action for personal injury no later than three years after the claim accrues, depending on the precise nature of the claim. MICH.COMP.LAWS § 600.5805. The Whites did not file this complaint until more than five years after the drug charges against Norman White were dismissed, when the cause of action initially accrued. As such, the statute of limitations bars this action.[3]
 
 
 9
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 General Motors and Professional Law Enforcement settled with the Whites in 1988
 
 
 [2]
 General Motors and Professional Law Enforcement had previously removed the action to federal district court. After extensive discovery, the Whites petitioned for remand of the action to Wayne County Circuit Court, as their Complaint raised only state tort claims. The district court granted the petition for remand on March 3, 1989
 
 
 [3]
 White claims that the earlier proceedings tolled the applicable statute of limitations under Michigan's tolling statute. In Michigan, the tolling statute does not apply if the first action was untimely or if it was dismissed on the merits. In this case, the first action was not filed in a timely manner. Furthermore, the dismissal on limitations grounds was a dismissal on the merits. Thus, White cannot avail himself of the Michigan tolling statute, and this action is untimely