**CHINA TIRE HOLDINGS LIMITED, Plaintiff,**

v.

**GOODYEAR TIRE AND RUBBER COMPANY, et al., Defendants.**

No. 5:99–CV–3163.

United States District Court, N.D. Ohio, Eastern Division.

March 3, 2000.

---

Joshua B Nathanson, Mark B Cohn, McCarthy, Lebit, Crystal & Haiman, Cleveland, OH, Peter J McNulty, Los Angeles, CA, for China Tire Holdings Limited, Plaintiffs.

Charles A Gilman, Cahill, Gordon & Reindel, New York, NY, Karen K Grasso, Mark J. Skakun, Walter A Lucas, Buckingham, Doolittle & Burroughs, Akron, OH, for Goodyear Tire and Rubber Company, Goodyear International Corporation, Defendants.

OPINION

GWIN, District Judge.

On January 14, 2000, Defendants Goodyear Tire and Rubber Company and Goodyear International Corporation collectively filed a motion to dismiss the claims asserted against them by Plaintiff China Tire Holdings Limited [Doc. 4]. In their motion, the defendants say the plaintiff's claims are barred by the doctrine of *res judicata* or claim preclusion. Alternatively, the defendants contend that the plaintiff has failed to state any claim upon which relief can be granted, and that, even if adequately pled, the plaintiff's claims are barred by the applicable statute of limitations.

For the reasons set forth below, the Court grants the defendants' motion.

## I. Background

The present dispute arises from the parties' attempts to exploit the potential market for tires in the Peoples Republic of China ("China"). Both parties sought to enter a joint venture with a leading Chinese tire manufacturer located in Dailan, China. The defendants eventually established a joint venture with the tire manufacturer, Dalian General Rubber Factory ("Dalian Rubber"), to the exclusion of the plaintiff. The plaintiff now says various illegalities attended the defendants' success in securing the joint venture.

Specifically, the plaintiff says the defendants unlawfully interfered with the plaintiff's pre-existing business relationship with Dalian Rubber. According to the plaintiff, the defendants convinced Dalian Rubber to terminate its joint venture with the plaintiff by making false and unjustifiably derogatory statements regarding the plaintiff's business operations. The defendants also allegedly gave improper gifts to Chinese government officials and their families in order to influence the business decisions of Dalian Rubber, which is a government-controlled business entity.

Seeking redress for these alleged acts, the plaintiff asserts civil claims under the

Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, a claim for trade libel, and a claim under the Ohio Deceptive Trade Practices Act, Ohio Rev.Code § 4165.01, *et seq.* The plaintiff requests damages in excess of $3,000,000,000, as well as reasonable attorneys' fees and costs.

The defendants ask this Court to dismiss the plaintiff's action. They insist that each of the plaintiff's claims is barred by the doctrine of *res judicata* or claim preclusion. In this regard, the defendants note that the plaintiff previously filed suit against them in the United States District Court for the Central District of California, alleging the same and similar claims as asserted in this action. That court dismissed the plaintiff's claims on various grounds. *See Orion Tire Corp. v. Goodyear Tire and Rubber Co.*, SA CV 95–221 (U.S Dist. Ct. M.D. Cal. March 22, 1996 Order and August 5, 1996 Order). The plaintiff's appeal of that ruling is currently pending with the United States Court of Appeals for the Ninth Circuit.

The judgment of the district court in the prior action, the defendants say, precludes the plaintiff from bringing essentially the same claims in this action. The defendants therefore ask the Court to dismiss the plaintiff's action and, in light of the duplicative nature of the action, enjoin the plaintiff from bringing any related actions in the future and award costs and attorneys' fees under 28 U.S.C. § 1927.[1]

Further, even if claim preclusion does not apply, the defendants insist that alternative grounds exist for dismissing the plaintiff's claims. First, the defendants say the plaintiff has failed to state any claim upon which relief can be granted. Second, the defendants argue that the claims the plaintiff attempts to assert are

barred by the applicable statutes of limitations.

The Court analyzes the defendants' motion below.

## II. Analysis

### A. Standard for Dismissal

The defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on a motion under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff and accepts as true all of the plaintiff's well-pled factual allegations. The Court will grant the motion only if it appears that the plaintiff can prove no set of facts that would entitle it to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

### B. Claim Preclusion

■ The doctrine of claim preclusion provides that "'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"[2] *Rivet v. Regions Bank*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). The purposes of the doctrine are manifest. By preserving the finality of judgments and requiring parties to bring all claims in one action, the doctrine avoids the potential for inconsistent decisions and conserves judicial and litigant resources.

■ A party asserting claim preclusion must establish three elements: (1) a prior judgment on the merits; (2) an identity of the parties or their privies; and (3) an identity of the causes of action. *See Re/MAX Int'l, Inc. v. Zames*, 995 F.Supp. 781, 785 (N.D.Ohio 1998); *see also Kane v.*

---

1. Section 1927 authorizes a court to require an attorney who unreasonably and vexatiously multiplies the proceedings in any case to personally satisfy the excess costs and attorneys' fees reasonably incurred on account of such conduct.

2. Claim preclusion is the preferred term for the traditional doctrine of *res judicata. See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

*Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995).

Here, the defendants insist that they have established the elements of claim preclusion for each of the plaintiff's claims. First, the defendants say the district court's dismissal with prejudice of the plaintiff's civil RICO claim in the prior action bars the assertion of the plaintiff's RICO claims in this action. Second, the defendants say that the district court's dismissal of the plaintiff's trade libel claim based on *forum non conveniens* precludes the plaintiff from bringing the remaining claims in this action.

### 1. Civil RICO

■ In the prior action between these parties, the district court dismissed the plaintiff's civil RICO claim for failure to state a claim upon which relief can be granted. The court noted that RICO requires a plaintiff to assert specific facts establishing the existence of an enterprise. The court dismissed the claim after finding that the plaintiff had pleaded only conclusory allegations rather than the required specific facts. *See Orion,* SA CV 95–221, at 31 (March 22, 1996 Order).

The plaintiff now asserts two RICO claims in this action. The parties do not dispute that the first and third elements of claim preclusion are met with regard to these claims. The only question, then, is whether the RICO claim asserted in the prior action and the RICO claims before the Court constitute identical causes of action.

Determining whether claims constitute identical causes of action is not necessarily an easy task. As one court has observed, "the phrase 'identity of cause of action' is more easily stated than defined." *See Kale v. Combined Ins. Co. of America,* 924 F.2d 1161 (1st Cir.1991) (citation omitted); *Sherman v. Ludington,* 968 F.2d 1216, 1992 WL 158878, *5 (6th Cir.1992).

The United States Court of Appeals for the Sixth Circuit has held that identical causes of action share a common factual basis. Specifically, in *Westwood Chemical Co. v. Kulick,* the court explained that an identity of causes of action means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." 656 F.2d 1224, 1227 (6th Cir.1981).

The plaintiff interprets this definition narrowly in arguing that the RICO claims are not identical causes of action. The plaintiff insists that it has discovered new facts pertaining to the defendants' unlawful conduct since the prior action. Therefore, the plaintiff contends that the RICO claims are not supported by the same facts and evidence, and are thus not identical causes of action.

With this argument, the plaintiff apparently contends that claims constitute identical causes of action only when the party asserting the claims seeks to support both with the same specific facts. However, the application of claim preclusion is not dependent on the specific facts or evidence a party seeks to cite in support of a claim. If such was the case, parties could easily avoid the application of claim preclusion by simply changing, ever so slightly, the facts upon which they base their claim.

Instead, claims constitute the same cause of action for purposes of claim preclusion when they arise out of the same transaction and occurrence, or the same core of operative facts. *See In re Micro–Time Management Systems, Inc.,* 983 F.2d 1067, 1993 WL 7524, *5 (6th Cir. 1993); *Sherman,* 1992 WL 158878 at *6. If two claims arise from the same event and seek to redress the same basic wrong, they are identical causes of actions notwithstanding which specific facts the plaintiff relies on in stating a claim for relief. *See Kale,* 924 F.2d at 1166.

Here, there is little question that the plaintiff's RICO claims constitute identical causes of actions. The claims all arise from the defendants' alleged effort to interfere with the plaintiff's business relationship with Dalian Rubber between 1993

and 1994. Though the plaintiff insists it only recently discovered some elements of this effort, the claims are nevertheless based on the same purported criminal enterprise.

Rather than include its new factual allegations in a second RICO claim, the plaintiff should have simply filed a motion for relief from judgment with the district court in California. Rule 60(b)(2) of the Federal Rules of Civil Procedure expressly authorizes a court to relieve a party from a final judgment based on newly-discovered evidence.

Yet the plaintiff has sought to circumvent the proper procedure for presenting its newly-discovered evidence by bringing a second set of RICO claims in this Court. The doctrine of claim preclusion prevents the plaintiff from so doing. Consequently, the Court grants the defendants' motion to dismiss the plaintiff's RICO claims.

### 2. Remaining Claims

After disposing of the plaintiff's civil RICO claim, the district court in the prior action dismissed the plaintiff's remaining claims based on *forum non conveniens.* The court determined that the plaintiff's claims would most appropriately be adjudicated in a Chinese forum. *See Orion,* SA CV 95–221, at 8–10 (August 5, 1996 Order).

■ As a general rule, a federal court's determination that a matter should be resolved in a foreign forum precludes all other federal district courts from adjudicating the action. *See Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1498 (5th Cir.1993); *Pastewka v. Texaco, Inc.,* 565 F.2d 851, 853–54 (3d Cir.1977). This preclusive effect is abrogated only if a plaintiff demonstrates that the *forum non conveniens* analysis would be materially different in the second federal action. *See Villar,* 990 F.2d at 1498 ("We have already held that a plaintiff may not relitigate a

*forum non conveniens* issue unless he can show some 'objective facts that materially alter the considerations underlying the previous resolution.'"); *Pastewka,* 565 F.2d at 854.

■ Here, the plaintiff seeks to avoid the preclusive effect of the district court's *forum non conveniens* dismissal by suggesting that the reasoning underlying that dismissal is materially less persuasive with respect to an Ohio forum. However, the plaintiff offers no argument in support of this proposition. The only possible distinction between a forum in California and Ohio is that the defendants maintain their headquarters in Ohio. Yet the Court is not convinced that this fact would materially affect the *forum non conveniens* analysis set forth by the district court in California.

The Supreme Court has established a framework for deciding whether to dismiss an action based on *forum non conveniens.* Specifically, once an alternative forum is identified, the court must decide whether the private interests of the litigants and the public interest are best served by litigating the action in the alternative forum.[3] *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Weighing the relevant private and public interest factors, the district court in the prior action concluded that "the balance tilts sharply in favor of adjudicating this matter in a Chinese forum." *See Orion,* SA CV 95–221, at 9 (August 5, 1996 Order). The court first found that the private interests of the litigants would be best be served by litigating this matter in a Chinese rather than an American forum. The court explained that most of the evidence and witnesses are located in China:

> Trying the matter in China should present little difficulty to [the plaintiff], as its principal place of business is Hong Kong. Access to proof will be much easi-

---

**3.** The district court determined that China provided an adequate forum for the plaintiff's suit. *See Orion,* SA CV 95–221, at 9. The plaintiff has not offered any argument as to how this conclusion is in any way affected by supplanting the California forum with an Ohio forum.

er in a Chinese forum, and the Chinese courts' process will have effect over the witnesses, most of whom are Chinese. Bringing those witnesses into a Chinese forum will be far easier and less expensive than would be bringing them to the United States for trial. According to the evidence, the process of this Court is likely to have no effect on the witnesses in China, and discovery by American attorneys in the PRC may prove to be impossible. Further, a trial in a Chinese forum would not prejudice [the plaintiff's] attempts to collect on a judgment. The heart of the [plaintiff's] complaint is that Defendants have usurped a joint venture with the PRC government. Defendants will therefore will have significant assets and interests against with [the plaintiff] can collect if it is successful on the merit.

*Id.* at 9–10.

This sound assessment of the relevant private interest factors is in no way affected by the plaintiff's decision to bring suit in Ohio. Though the defendants may be headquartered in Ohio, the evidence and witnesses in this dispute remain located primarily in China.

The district court next found that the relevant public interest factors weighed heavily in favor of resolving this dispute in China. The court noted that the suit related to events that occurred in China and that primarily concerned the Chinese government:

> As much as the private interests point toward a trial in a Chinese forum the public factors demand it. This case involves alleged statements made to officials of the PRC [People's Republic of China] government about a Bermuda corporation with its headquarters in Hong Kong in an attempt to obtain a PRC government contract. *The interest of a Chinese court to adjudicate matters regarding its own government contracts*

> *far outweighs the small interest that American courts have in adjudicating this matter, which is limited to the fact that Defendants, who are seeking the alternative forum, are American based corporations.*

*Id.* at 10 (emphasis added).

Again, the district court's well-reasoned conclusion that the public interest favors a Chinese forum is not affected by supplanting the California forum with an Ohio forum. Indeed, as the italicized portion of the above-quoted passage indicates, the district court explicitly considered the fact that the defendants were headquartered in the United States in deciding that this case should be tried in China.

The Court therefore finds no compelling reason to deny the district court's judgment preclusive effect in this action.[4] Accordingly, the Court dismisses the remainder of the plaintiff's claims.

### C. Other Grounds for Dismissal

Beyond the doctrine of claim preclusion, the defendants say the plaintiff has failed to state any claim upon which relief can be granted and that, even if cognizable, the plaintiff's claims are barred by the applicable statutes of limitations. Having already dismissed the plaintiff's claims on the grounds of claim preclusion, the Court need not consider these alternative grounds for dismissal.

### III. Conclusion

As explained above, the Court finds that the plaintiff's claims are barred by the doctrine of claim preclusion. The Court thus grants the defendants' motion to dismiss. However, in its discretion, the Court denies the defendants' request for an injunction prohibiting the plaintiff from filing similar claims in a later action and

---

**4.** Even if the doctrine of claim preclusion did not apply to a *forum non conveniens* ruling, the Court would adopt the district court's reasoning and independently dismiss the plaintiff's claims on the grounds of *forum non conveniens.*

for attorneys' fees and costs under 28 U.S.C. § 1927.

IT IS SO ORDERED.